[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE
This is an action to foreclose a mortgage. The defendants CT Page 3544 have filed an answer admitting the note and mortgage and the non-payment of an installment due in February, 1991 and subsequent installments.
The defendants have filed two special defenses.
The first alleges that the plaintiff bank breached its duty of good faith and fair dealing to the defendants by its failure to properly service the loan payments; attend to legitimate customer inquiries regarding the status of outstanding principal and interest due under the loan and mortgage; and administer the loan facility as evidenced by the note and mortgage.
The second special defense alleges that despite its admitted facility to do so, the plaintiff bank has unreasonably refused to delete derogatory information which it maliciously reported on defendant's credit report thereby impeding defendants' ability to refinance their mortgage and settle their debt with the bank. The defendants claim that such refusal constitutes bad faith and operates to estop the plaintiff from pursuing the foreclosure based on unclean hands.
The plaintiff has moved to strike each of these special defenses. The plaintiff alleges that the first special defense fails to contain any allegation which would comply with Practice Book Sec. 164 or which relates to the plaintiff's action. The plaintiff alleges the second special defense contains no allegations of fraud or willful misconduct against the court which would sustain a claim of unclean hands and, in addition, that the allegations are inadmissible as settlement negotiations separate and distinct from the plaintiff's claims.
As to the first special defense, the court agrees with the plaintiff's position that the allegations do not meet the criteria of Practice Book Sec. 164 for a special defense. A special defense requires the pleading of facts which are consistent with plaintiff's statement of facts, but show, nevertheless, that it has no cause of action: such as factual allegations showing payment, discharge, satisfaction, release or lack of a valid lien ab initio. In addition, such matters as mistake, fraud or duress which prevented the defendants from making the mortgage payments might also be raised by a special CT Page 3545 defense.
Whether the claims of this first defense could establish a valid independent cause of action or perhaps a counterclaim is not in issue here. The allegations here sound in tort and do not address the special defense issue of whether the plaintiff has no cause of action to foreclose this mortgage because of non-payment of installments due under the note either because of discharge or of excuse.
The second special defense, insofar as the court can understand the pleading, appears to suffer from the same defect. The special defense does not appear to allege fraud either upon the defendants nor upon the court.
While foreclosure of a mortgage is an equitable suit and while it is a fundamental principal of equity jurisprudence that for a complainant to show that he is entitled to the benefit of equity he must establish that he comes into court with clean hands, "[T]he clean hands doctrine is applied not for the protection of the parties but for the protection of the court. . . . It is applied not by way of punishment but on considerations that make for the advancement of right and justice." [Citations omitted]. Pappas v. Pappas, 164 Conn. 242, 246, 320 A.2d 809
(1973).
As pleaded, the second special defense does not raise issues which would warrant the application of the clean hands doctrine so as to estop the plaintiff from foreclosing on the mortgage.
The motion to strike the first and second special defenses is granted.
NIGRO, JUDGE