[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTION TO STRIKE SPECIAL DEFENSES
This is an action on a note and mortgage brought by the Federal Deposit Insurance Corporation [FDIC] as receiver of certain assets of the Mechanics and Farmers Savings Bank, FSB ("M F"). By way of motion and supporting memorandum, the FDIC has requested that the Court strike all the special defenses asserted in this case. CT Page 7958-A
The complaint alleges the following facts, some of which are undisputed: On June 11, 1985 the defendant, Briarwood Development Corporation ("Briarwood"), executed and delivered to M F a variable rate promissory note ("the note"), dated June 11, 1985, in the original principal amount of $1,300,000.00 and payable on demand to M F. To secure the note Briarwood executed and delivered to M F an adjustable interest rate open-end mortgage ("the mortgage"), dated June 11, 1985, granting a mortgage on certain real property situated in the City of Bridgeport, Connecticut. The property consists of units 77, 99, 105, 107 and 113 located in Briarwood, a condominium community.
The defendants William F. Malloy, Jr., Ronald E. Malloy and Kevin J. Malloy ("the Malloys") each executed and delivered an individual all purpose guaranty to MF ("the guaranties"), dated June 11, 1985. Pursuant to the terms of the guaranties, the Malloys absolutely and unconditionally guaranteed the payment of Briarwood's indebtedness, obligations and liabilities under the note when due or upon any default. CT Page 7958-B
On August 9, 1991, the office of Thrift Supervision declared M F insolvent and the FDIC was appointed receiver. Under the terms of its receivership, the FDIC acquired all rights, title and interest in the assets of M F, including the note and mortgage. Briarwood has failed to make payments that were due under the note since October 1, 1989. By letters dated March 5, 1992, Consolidated Asset Recovery Corporation ("CARC"), the FDIC's agent, notified Briarwood that the note and mortgage were in default, and made demand for payment on all arrearage on or before April 6, 1992. CARC also notified Briarwood that in the event CARC did not receive payment on the arrearage in full on or before April 6, 1992, the entire principal balance and all accrued interest under the note and mortgage would be accelerated and declared immediately due and payable without further notice or demand for payment. Despite the demand, Briarwood allegedly failed to pay to the FDIC the arrearage payable under the note and mortgage. The FDIC accelerated and declared immediately due and payable all sums due under the note and mortgage. CT Page 7958-C
On June 25, 1992, the FDIC filed a four count complaint against the defendants with the aim of foreclosing on the property and procuring a deficiency judgment, if necessary. The defendants Briarwood and the Malloys [hereafter collectively referred to as "defendants"] filed a disclosure of defense on August 6, 1992 and an answer and eleven special defenses on October 26, 1992. The defendants' eleven special defenses are follows:
 (1) The plaintiff fails to state a claim upon which relief may be granted.
(2) The alleged note was not a commercial note.
 (3) The bank never properly presented the alleged note for payment.
 (4) The said defendants did not receive timely notice that the alleged note had been presented for payment.
(5) The said defendants did not receive timely notice that CT Page 7958-D there was a purported default on the alleged demand notes [sic].
 (6) The bank waived its right to presentment on sight when it failed to properly and timely present the alleged demand notes [sic for payment.
 (7) If the bank has made a presentment attempt, such an attempt violated the alleged agreements set forth in Exhibit A of the Complaint.
 (8) The bank's attempt to gain payment breaches any alleged agreements with the said defendants.
 (9) The language indicating "Waivers" of Exhibit A of the Complaint is invalid and therefore ineffective.
 (10) The Complaint is barred to the extent that the bank has failed to mitigate its alleged damages.
(11)The Complaint is barred in whole or in part by the doctrines CT Page 7958-E of laches, in pari delicto, clean hands, waiver and estoppel.
On June 1, 1993, the plaintiff filed a motion to strike (#105) all the defendants' special defenses with a supporting memorandum of law (#106). First, the plaintiff asserts that none of the defenses are applicable to foreclosure actions. Second, the plaintiff maintains that under applicable federal common and statutory law the defendants' eight, ninth, tenth and eleventh special defenses are legally insufficient. The defendants have not filed a memorandum in opposition to the plaintiff's motion to strike.
"A motion to strike challenges the legal sufficiency of a pleading. Practice Book 152." Mingachos v. CBS, Inc., 196 Conn. 91,108, 491 A.2d 368 (1985). A motion to strike is properly used to contest the legal sufficiency of any answer including any special defense contained therein. Practice Book 152(5).
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original.) Mingachos,196 Conn. at 108. "In deciding upon a motion to strike . . ., a trial CT Page 7958-F court must take the facts to be those alleged in the [pleadings] . . . and `cannot be aided by the assumption of any facts not therein alleged.'" Liljedahl Bros. Inc. v. Grigsby, 215 Conn. 345,348, 576 A.2d 149 (1990).
The court must construe the defense "in the manner most favorable to sustaining it legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471, 594 A.2d 1 (1991), citing Michaud v. Wawruck, 209 Conn. 407, 408, 551 A.2d 783 (1988). Where the facts provable under the allegations would support a defense, the motion to strike must be denied. Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989).
To properly plead a special defense under Practice Book 164, defendants must allege "facts which are consistent with" the plaintiff's statement of facts but nonetheless show that the plaintiff has no cause of action. See Northeast Savings v. Dunst,7 CSCR 527 (April 15, 1992) (Nigro, J.) Special defenses 1, 2, 8, 9, 10 and 11 do not meet the criteria of 164 in that they are conclusory rather than factual. They do not show that the plaintiff has no cause of action. See Winsted Savings Bank v. Salmon Brook Properties, CT Page 7958-G Inc., 7 CSCR 91, 92 (Jan. 20, 1992) (Hennessey, J.). Further, special defenses 1, 2, 8, 10 and 11 do not address the making, validity or enforcement of the note and mortgage. See Northeast Savings v. Dunst, 7 CSCR at 527; Bristol Savings Bank v. Miller,7 Conn. L. Rptr. 517 (Nov. 30, 1992) (Aurigemma,.J.). Therefore, special defenses 1, 2, 8, 9, 10 and 11 should be stricken.
Furthermore, with the possible exception of special defense 11, none of the asserted special defenses are recognized under our law. Connecticut law has recognized the following defenses to foreclosure: payment, discharge, release and satisfaction, Petterson v. Weinstock, 106 Conn. 436, 441, 138 A.2d 433 (1927); Connecticut Savings Bank v. Reilly, 12 Conn. Sup. 327, 328
(1944); invalidity of a lien, Citicorp Mortgage. Inc. v. Kerzner,8 Conn. L. Rptr. 229 (Feb. 15, 1993) (Curran, J.); accident, mistake or fraud, Petterson v. Weinstock, 106 Conn. at 442; Boretz v. Segar, 124 Conn. 320, 324, 199 A. 548 (1938); usury, Atlas Realty Corp. v. House, 120 Conn. 661, 183 A. 9 (1936); abandonment of security, Glotzer v. Keyes, 125 Conn. 227, 5 A.2d 1 (1939); and, under certain circumstances, inequity, Olean v. Treglia,190 Conn. 756, 771, 463 A.2d 242 (1983) or unconscionability. CT Page 7958-H Hamm v. Taylor, 180 Conn. 491, 495, 429 A.2d 946 (1980). Special defenses 1 through 10 do not fail within any of these recognized categories and therefore they should be stricken.[1]
Special defense 11, however, alleges laches and estoppel. Laches may be a defense to a foreclosure action, Citicorp Mortgage Inc. v. Kerzner, 8 Conn. L. Rptr. at 230, but "[l]aches in legal significance is more than mere delay[,] [i]t is delay that works a disadvantage to another." Wells v. Carson, 140 Conn. 474,477, 101 A.2d 297 (1983). The defense of equitable estoppel also may be available in mortgage foreclosure actions, Tradesmens National Bank of New Haven v. Minor, 122 Conn. 419,424-25, 190 A. 270 (1937), provided its two essential elements are alleged. Connecticut National Bank v. Olson,9 Conn. L. Rptr. 483
(Aug. 30, 1993) (Pellegrino, J.). The conclusory allegations of laches and estoppel that are contained in special defense 11 are insufficient as a matter of law.
The plaintiff also argues that special defenses 8, 9, 10 and 11 are legally insufficient under D'Oench Duhme Co. v. FDIC,315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942) and that special CT Page 7958-I defenses 8, 10 and 11 are legally insufficient under 18 U.S.C. § 1823(e). It is difficult to address these arguments due to the conclusory nature of the allegations contained in these special defenses, especially special defenses 9 and 11. However, special defenses 8 and 10 certainly implicate D'Oench and 1823(e) in that the former concerns "alleged agreements" with M F outside the note and mortgage and the latter concerns M F's conduct.
The common law D'Oench doctrine and 18 U.S.C. § 1823(e) bar the assertion against the FDIC of any defense premised on any unrecorded agreement between the borrower and a failed institution that does not satisfy all four requirements of 1823(e).[2] The term "agreement" under the common law and as used in 1823(e) is defined broadly to include all conditions upon performance, Langley v. FDIC, 484 U.S. 86, 91, 108 S.Ct. 396,98 L.Ed.2d 340 (1987), and any "scheme or arrangement that is likely to mislead the banking authorities." Id. at 93; D'Oench, Duhme Co. v. FDIC, 315 U.S. at 460.
While the statute only "partially" codifies the D'Oench doctrine, see Vernon v. Resolution Trust Corp., 907 F.2d 1101, 1105 (11th Cir. CT Page 7958-J 1990), "courts have found the aims of section 1823(e) and D'Oench identical and thus have construed defenses premised upon section 1823(e) and D'Oench in tandem." Twin Construction. Inc. v. Boca Raton, Inc., 925 F.2d 378, 382 (11th Cir. 1991).
 The D'Oench doctrine has been extended through the development of federal common law to apply to situations other than those involving secret agreements. See Vernon v. Resolution Trust Corp., 907 F.2d 1101, 1106 (11th Cir. 1990). . . . Personal guaranties have been among the assets affected by the doctrine. See Twin Construction, Inc. v. Boca Raton, Inc., 925 F.2d 378, 382 (11th Cir. 1991). Section 1823(e) itself has been interpreted to prohibit the assertion against the FDIC of bank misrepresentations inducing the execution of a note and guaranty. See Langley v. FDIC, 484 U.S. 86, 91-93, 108 S.Ct. 396, 401-02, 98 L.Ed.2d 340 (1987).
FDIC. v. Bernstein, 944 F.2d 101, 108 (2d Cir. 1991).
Courts have applied the common law and 1823(e) to protect the FDIC from a variety of claims including those premised on CT Page 7958-K secret agreements, unwritten agreements, fraud in the inducement, state and common law fraud, alleged violations of federal securities laws and other federal statutes, and certain affirmative defenses. See NCNB Texas Nat'l Bank v. King, 964 F.2d 1468,1470-71 (5th Cir. 1991); Twin Construction, Inc. v. Boca Raton Inc., 925 F.2d at 382 and cases cited therein; Kilpatrick v. Riddle,907 F.2d 1523, 1528-29 (5th Cir. 1990), cert. denied sub nom. Rogers v. FDIC, 498 U.S. 1083, 111 S.Ct. 954,112 L.Ed.2d 1042
(1991); Vernon v. Resolution Trust Corp., 907 F.2d at 1105-06
and cases cited therein. "The D'Oench doctrine estops a party from asserting any claim against the FDIC based on oral representations, agreements or conditions that are not reflected in the books and records of the failed bank." First City National Bank v. FDIC, 730 F. Sup. 501, 510 (E.D.N.Y. 1990). Further, defenses premised on either oral agreements among the defendants and officers of M F or the conduct of M F officials alone are barred by the D'Oench doctrine and 12 U.S.C. § 1823(e). See Resolution Trust Corp. v. Wellington Development Group,761 F. Sup. 731, 735-37 (D. Colo. 1991). Accordingly, the plaintiff correctly asserts that special defenses 8 and 10 must be stricken as legally insufficient under D'Oench and 1823(e) and that CT Page 7958-L special defenses 9 and 11 contain factual allegations sufficient to overcome the requirements of the caselaw and the statute.
For the foregoing reasons, the plaintiff's motion to strike is granted and all special defenses are stricken.
Lager, J.