[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In its two-count complaint, dated July 27, 1993, the CT Page 6502 plaintiff, Shawmut Bank Connecticut, N.A. ("Shawmut"), brought this action to foreclose a mortgage which secures a promissory note from the defendants, Griffith Custom Builders, Inc., Carl Griffith and Edward Fenn. On December 17, 1993, the defendants, Carriage Hills Estates, Inc.,[1] Griffith Custom Builders, Inc., Carl Griffith and Deborah Griffith filed an answer to the complaint and alleged nine special defenses. The first special defense contains forty-one paragraphs of factual allegations which have been incorporated in the remaining special defenses. The special defenses allege the following:
1. Shawmut "failed to act in a commercially reasonable manner with respect to its handling of the Commercial Loan with respect to the Property and as such, the plaintiff's claims are barred;"
2. Shawmut "failed to act in a commercially reasonable manner in granting and administering the Commercial Loan;"
3. Shawmut "breached its implied covenant of good faith and fair dealing with respect to the Griffith Defendants;"
4. Shawmut is "barred by the doctrine of unclean hands;"
5. Shawmut "breached its implied duty of good faith and fair dealing to defendants, GRIFFITH CUSTOM BUILDERS, INC., CARL GRIFFITH and/or DEBORAH GRIFFITH, in failing to continue its negotiations with respect to an extension of the subject Commercial Loan;"
6. Shawmut "breached its implied duty of good faith and fair dealing to the defendants in response to defendants' requests to restructure the subject Commercial Loan;"
7. Shawmut's damages are due to its own actions, including managing the Commercial Loan in a commercially unreasonable manner, failing to renegotiate the terms of the Commercial Loan in good faith in light of the decline in the real estate market; and failing to act in a commercially reasonable manner in meeting with certain third parties with respect to the loan. CT Page 6503
8. Shawmut's complaint "fails to state a claim upon which relief can be granted, in that plaintiff's complaint fails to set forth any manner in which the plaintiff has been damaged;" and
9. Count two of Shawmut's complaint, which involves collection on the note, "fails to state a claim upon which relief can be granted in that the SECOND COUNT of the complaint fails to set forth any claim that the plaintiff was damaged or that the defendants caused any loss to the plaintiff."
On March 14, 1994, the plaintiff filed a motion to strike all nine special defenses on the ground that they are legally insufficient as a matter of law. The defendants oppose the motion. Both parties have filed memoranda in support of their respective positions.
On May 23, 1991, the defendants, Griffith Custom Builders, Inc., Carl Griffith and Edward Fenn, executed a Commercial Promissory Note in favor of the plaintiff, Shawmut, in the principal sum of six-hundred thousand dollars ($600,000). As security for this note, the defendants Griffith Custom Builders, Inc., and Edward Fenn, mortgaged to Shawmut, by an open-end mortgage deed dated and recorded May 23, 1991, certain real estate located in the Town of Woodbury, Connecticut. The defendants admit the execution of this note and mortgage.
Although by its original terms the note and mortgage matured on May 23, 1992, the borrowers and Shawmut, by a modification and amendment of the commercial mortgage deed and allonge dated June 26, 1992, amended the note to extend the maturity date three months, to August 24, 1992. The note and allonge provide that in the event of a default, Shawmut may declare the entire unpaid balance of the note immediately due and payable.
Because of the relatively short term nature of the note, the defendants sought alternative financing from a Waterbury based bank, CenterBank, in order to complete the requirements of the subdivision. On or about October of 1992, the defendants, represented by Carl Griffith, began negotiating with Centerbank in an attempt to obtain such financing. Shawmut, in a further effort to assist the defendants in their refinancing efforts, CT Page 6504 did not seek collection on the note during the period of August 24, 1992 (the extended date) to July of 1993. On August 13, 1993, however, the plaintiffs filed the present foreclosure action alleging that the defendants are in default by virtue of their failure to pay the total principal and interest due on August 24, 1992.
In their answer, the defendants allege that Vincent LoRusso, Sr. ("LoRusso"), a contractor who had prepared a bid for work on the premises which was rejected by the defendants, learned from Centerbank employees that the defendants were attempting to obtain alternative financing. The defendants further allege that LoRusso and his attorney, Frank Pilicy, met with an employee of Shawmut, Kyle Hollister, on July 26 1993, without informing the defendants. At this meeting, it is alleged that LoRusso, in an apparent attempt to acquire the note for an amount less than its outstanding balance, indicated to Hollister that due to the absence of certain permits, the premises were worth less than the outstanding balance of the note. Shawmut instituted this foreclosure action shortly thereafter. The defendants also allege that Attorney Pilicy had previously represented the defendants concerning the premises, and was not authorized by the defendants to negotiate with Shawmut on their behalf.
A motion to strike challenges the sufficiency of a pleading, including any answer or special defenses contained therein. See Practice Book § 152; Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). In ruling on a motion to strike, the court "must construe the [pleading] in the manner most favorable to the pleader;" Sheets v. Teddy's Frosted FoodsInc.,, 179 Conn. 471, 472, 427 A.2d 385 (1980); and must make the facts to be those alleged in the pleadings. Liljedahl Bros.,Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990). If the facts alleged by a defendant would not support an asserted special defense, a motion to strike should be granted. SeeAlarm Applications Co. v. Simsbury Volunteer Fire Co., Inc.,179 Conn. 541, 545, 427 A.2d 822 (1980).
In order to properly plead a special defense, a defendant must plead facts which are consistent with the plaintiff's statements of fact, but show, notwithstanding, that the plaintiff has no cause of action. See Practice book § 164. Since Shawmut's complaint alleges that the defendants executed a mortgage in favor of Shawmut, and that the defendants CT Page 6505 subsequently defaulted upon that mortgage, the defendants' special defenses must attack the making, validity, or enforcement of the mortgage being foreclosed upon. See Bank of New Haven v. Liner, Superior Court, Judicial District of Ansonia/Milford at Milford (April 2, 1993, Curran, J.). After reviewing the facts alleged in the pleadings in the light most favorable to the defendants, it is clear that all nine special defenses are legally insufficient as a matter of law.
In all of the defendants' forty-one paragraphs of factual allegations purporting to support their special defenses, there is an absence of allegations which illustrate Shawmut acted improperly, unfairly, or deceptive toward the defendants. Although the defendants explicitly allege bad faith and improper actions on the part of their former attorney (Pilicy) and a contractor (LoRusso), the defendants have failed to allege any facts which would support their special defenses against Shawmut. The only allegations which the defendants characterize as bad conduct on the part of Shawmut are that Shawmut, by one of its employees, met with Pilicy and LoRusso, and "knew or acted in reckless disregard of information which would have allowed them to know that Franklin Pilicy, Esq. and Vincent LoRusso, Sr. were acting in an improper, unfair and/or deceptive manner in connection with their efforts to acquire the Commercial Loan and/or the Property." See Defendants' Answer, First Special Defense, Par. 41 at 12. This alleged meeting took place almost a full year after the extended maturity date on the note had elapsed.
A close reading of the defendants' answer reveals that the defendants are essentially alleging four general themes of defenses: (1) Shawmut generally acted in a commercially unreasonable manner in handling the commercial loan (first, second and seventh defenses); (2) Shawmut, by its actions, breached the covenant of good faith and fair dealing (third, fifth and sixth defenses); (3) Shawmut, by its actions, is barred from foreclosing by the doctrine of unclean hands (fourth special defense); and (4) that Shawmut's complaint fails to state a claim upon which relief can be granted because Shawmut has failed to allege any damages (eighth and ninth special defenses).
A. Commercial Unreasonableness
In their first, second and seventh special defenses, the CT Page 6506 defendants claim that Shawmut handled the defendants' loan in a "commercially unreasonable" manner.
As a general rule, defenses available in a foreclosure action are limited to payment, discharge, release, satisfaction or invalidity of a lien. See Peterson v. Weinstock, 106 Conn. 436,441, 138 A.2d 433 (1927); Bank of New Haven v. Liner, Superior Court, Judicial District of Ansonia/Milford at Milford (April 2, 1993, Curran, J.). However, since foreclosure is an equitable proceeding, the court may consider, aside from these specifically enumerated defenses, all relevant circumstances to ensure that complete justice is done. See Reynolds v. Ramos,188 Conn. 316, 320, 449 A.2d 182 (1982); see Olean v. Treglia,190 Conn. 756, 771, 463 A.2d 242 (1983) ("Equity may . . . afford relief to a mortgagor who can prove that equitable circumstances require withholding of foreclosure or reduction of the amount of the stated indebtedness.") The determination of what equity requires in a particular case is a matter for the discretion of the court. Reynolds v. Ramos, supra,188 Conn. 320.
Upon close examination of the allegations in the defendants' have failed to allege sufficient facts to illustrate that Shawmut's conduct was commercially unreasonable, or that equity mandates this defense. Therefore, Shawmut's motion to strike the first, second and seventh special defenses is granted.
B. Breach of the Covenant of Good Faith and Fair Dealing
In their third, fifth and sixth special defenses, the defendants assert that Shawmut's actions constituted a breach of the covenant of good faith and fair dealing.
The implied covenant of good faith and fair dealing is a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended. Eis v. Meyer, 213 Conn. 29, 36-37, 566 A.2d 422
(1989). It cannot be applied to achieve a result contrary to the clearly expressed terms of a contract unless those terms are possibly contrary to public policy. Id. Although a breach of the implied covenant of good faith and fair dealing has been recognized as a valid special defense to a foreclosure action under the guise of equitable principles; see Citicorp MortgageInc. v. Kerzner, 8 Conn. L. Rptr. 229, 230 (January 15, 1993, Curran, J.), a defendant must plead sufficient facts to justify CT Page 6507 its application.
In the instant case, the defendants have failed to allege facts to support the proposition that Shawmut failed to fulfill the reasonable expectations of the defendants with respect to the note and mortgage. To the contrary, the facts alleged show that Shawmut, in an attempt to assist the defendants in obtaining alternative financing, modified the agreement to grant the alternative financing, modified the agreement to grant the defendants a three-month extension on the original maturity date of the note, and once that extended date elapsed, refrained from commencing a foreclosure action for almost a full year. Accordingly, Shawmut's motion to strike the defendants' third, fifth and sixth special defenses is granted.
C. Doctrine of Unclean Hands
In their fourth special defense, the defendants allege that Shawmut is bared by the doctrine of unclean hands, and consequentially, should not be permitted to enforce the terms of the note and mortgage.
The equitable maxim that "he who comes into equity must come with clean hand," requires that in order for a litigant to show he is entitled to equitable relief, he must establish that he comes into court untainted. Pappas v. Pappas, 164 Conn. 242,245-46, 320 A.2d 809 (1973). This doctrine "is applied not for the protection of the parties but for the protection of the court." Id. 246. Furthermore, "[t]he defense of unclean hands to a mortgage foreclosure has generally been disallowed in this state." Gateway Bank v. Racquetball Spa, Inc., 8 CSCR 1084,1085 (September 27, 1993, Lager, J.); Northeast Savings, F.A. v.Dunst, 7 CSCR 527 (April 15, 1992, Nigro, J.) Accordingly, Shawmut's motion to strike the defendants, fourth special defense is granted.
D. Failure to State a Claim
In their eighth and ninth special defenses, the defendants allege that both counts of the plaintiff's complaint fail to set forth a claim upon which relief can be granted because the plaintiff has failed to establish it has been damaged.
Since the facts alleged indicate that Shawmut has not collected on a matured $600,000 promissory note CT Page 6508 issued to the defendants, it is clear that Shawmut has suffered cognizable damages, and the complaint properly states a claim upon which relief can be granted. Accordingly, the plaintiff's motion to strike the defendants' eighth and ninth special defenses is granted.
Therefore, and in accordance with the foregoing, the plaintiff's motion to strike special defenses of Defendants, #118, is granted.
/s/ West, J. ------------ WEST