[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, NP Funding II, L.P.[1] has filed a complaint in foreclosure against the defendants, Jay and Laura Berkman, and Fairfield First Bank and Trust Co. The Berkmans filed an answer, two special defenses, and a counterclaim on February 23, 1994. The first special defense alleges a breach of the covenant of CT Page 1580 good faith and fair dealing by the plaintiff for failure to negotiate with the Berkmans. The second special defense alleges that the plaintiff's failure to negotiate was a violation of CUTPA. Counts one and two of the Berkmans' counterclaim, (which are identical to each other), also allege that the failure to negotiate was a breach of CUTPA.
The plaintiff filed a motion to strike the Berkman's special defenses and counterclaim on the grounds that the claimed defenses and counterclaim are not cognizable in a foreclosure action; that the Berkmans have not alleged facts sufficient to support defenses of a breach of the covenant of good faith and fair dealing or of CUTPA; and that the defenses are insufficient as they do not bar the plaintiff's cause of action.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of [the pleadings] . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the [pleading]. The court must construe the facts in the [pleading] most favorably to the [non-moving party]." (Internal quotation marks omitted.)Novametrix Medical Systems v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 1992. "This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the [pleading] . . . ." S.M.S. Textile v. Brown, Jacobson, Tillinghast, Lahan andKing, P.C., 32 Conn. App. 786, 796, 631 A.2d 340 (1993). "If facts provable in the [pleading] would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the [pleading] alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical System v. BOC Group, Inc., supra, 224 Conn. 215. "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action."Grant v. Bassman, 221 Conn. 465, 472-73, 604 A.2d 814 (1992).
The traditional defenses available in a foreclosure action are "payment, discharge, release, satisfaction or invalidity of a lien." See First Federal v. Kakaletris, 11 Conn. L. Rptr. 113 (February 23, 1994, Karazin, J.); Shawmut Bank v. Wolfley, 9 CSCR 216 (January 24, 1994, Dean, J.); Citicorp Mortgage, Inc. v. Kerzner,8 Conn. L. Rptr. 229
(January 15, 1993, Curran, J.). In recognition that a foreclosure action is an equitable proceeding, courts have allowed mistake, accident, fraud, equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and CT Page 1581 a refusal to agree to a favorable sale to a third party to be pleaded as special defenses. See Lawall Realty, Ltd. v. Auwood, Superior Court, judicial district of New London at New London, Docket No. 527050 (March 1, 1994, Leuba, J.); First Federal v. Kakaletris, supra; National Mortgage Co.v. McMahon, 9 CSCR 300 (February 18, 1994, Celotto, J.); Shawmut Bank v.Wolfley, supra; Citicorp Mortgage, Inc. v. Kerzner, supra. Other defenses which have been recognized are usury, unconscionability of interest rate, duress, coercion, material alteration, and lack of consideration. SeeFleet Bank v. Barlas, 12 Conn. L. Rptr. 32 (June 29, 1994, Aurigemma, J.); Donza v. Depamphilis, 9 CSCR 472 (April 7, 1994, Aurigemma, J.);Connecticut National Bank v. Montanari, Superior Court, judicial district of Hartford/New Britain at Hartford, docket No. 517808 (January 26, 1994, Aurigemma, J.).
While courts have recognized equitable defenses in foreclosure actions, they have generally only been considered proper when they "attack the making, validity or enforcement of the lien, rather than some act or procedure of the lienholder." Lawall Realty, Ltd. v. Auwood, supra; National Mortgage Co. v. McMahon, supra, 9 CSCR 300. "The rationale behind this is that counterclaim and special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." Lawall Realty, Ltd. v. Auwood, supra; NationalMortgage Co. v. McMahon, supra, 9 CSCR 300-01. Moreover, courts have held that "defenses to foreclosure are recognized when they attack the note itself rather than some behavior of the mortgagor." Opticare Centersv. Aaron, Superior Court, judicial district of Waterbury, Docket No. 111491 (February 24, 1994, Sylvester, J.). Other courts have determined, however, that the equitable nature of foreclosure demands that the court consider all circumstances to ensure that complete justice is done between the parties. See Shawmut Bank v. Carriage Hill Estates, Inc., Superior Court, judicial district of Waterbury, Docket No. 116593 (June 10, 1994, West, J.); Harborwalk v. Errato, 11 Conn. L. Rptr. 534 (May 20, 1994, J. Walsh, J.); Chase Manhattan Bank v. Indian River Green,8 Conn. L. Rptr. 165 (January 6, 1993, Rush, J.).
The Berkmans' first special defenses alleges a breach of the duty of good faith and fair dealing by the plaintiff for failing to negotiate a restructure of the debt.
"[T]he Connecticut Supreme Court has recognized that the duty of good faith and fair dealing is present in every contract." Donzav. Depamphilis, supra, 9 CSCR 473, citing Magnan v. Anaconda Industries,193 Conn. 558, 566, 479 A.2d 781 (1984). "The implied covenant of CT Page 1582 good faith and fair dealing is a rule of construction designed to fulfill the expectations of the contracting parties as they presumably intended . . . It cannot be applied to achieve a result contrary to the clearly expressed terms of a contract unless those terms are possibly contrary to public policy. . . . Although a breach of the implied duty of good faith and fair dealing has been recognized as a valid special defense under the guise of equitable principles . . . a defendant must plead sufficient facts to justify its application." Shawmut Bank v. Carriage Hill Estates, Inc., supra.
In Bank of Boston v. Calabrese, Superior Court, judicial district of Waterbury, Docket No. 118377 (July 11, 1994, Sylvester, J.) the court determined that negotiations following default do not go to the making, validity or enforcement of the note. See also Centerbankv. Motor Inn Associates, 9 Conn. L. Rptr. 505, 506 (August 2, 1993, Thompson, J.). Moreover, the Berkmans have made no allegations that it was the expectation of the contracting parties that they would enter into negotiations before resorting to a foreclosure proceeding. Therefore, while the equitable special defense of a breach of the covenant of good faith and fair dealing has been recognized in foreclosure actions, the failure to negotiate following default does not address the making, validity and enforcement of the note and is legally insufficient. Accordingly, the plaintiff's motion to strike the first special defense is granted.
In their second special defense the Berkmans allege that such failure to negotiate is a violation of CUTPA.
The criteria used to determine whether certain practices violate CUTPA are "(1) [w]hether the practice, without necessarily having been considered unlawful, offends public policy as it has been established by statutes, the common law or otherwise whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers (or competitors or other businessmen)." (Internal quotation marks omitted.) AssociatedInvestment Co. Ltd. Partnership v. William Associates IV,230 Conn. 148, 155, 645 A.2d 505 (1992).
The Berkmans have not alleged how the plaintiff's failure to negotiate is "immoral, unethical, oppressive, or unscrupulous." Furthermore, even if the failure to negotiate can be considered an unfair trade practice under CUTPA, the plaintiffs have not alleged any facts which show that it affects the making, validity, CT Page 1583 or enforcement of the note. While CUTPA may in some circumstances be available as a special defense in a foreclosure action, the Berkmans have failed to allege facts sufficient to support it as a special defense here. The plaintiff's motion to strike the Berkmans' second special defense is granted.
The Berkmans' two count counterclaim filed February 23, 1994, also alleges violations of CUTPA based on the failure to negotiate.
Practice Book § 116 provides in pertinent part that "[i]n any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff . . . provided that such counterclaim . . . arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint." "Although some foreclosure proceedings rely on the equitable nature of the proceeding as grounds for allowing counterclaims and defenses not recognized at common law . . . this trend must have a boundary. An analysis of those cases recognizing equitable defenses and counterclaims suggest that they are proper only when they, like their common law counterparts, attack the note itself, rather than some act or procedure of the mortgagor . . . . courts have not been receptive to foreclosure defendants who have asserted defenses and counterclaims based on factors outside of the note or mortgage." (Citations omitted.) Shoreline Bank Trust Co. v. Leninski,8 Conn. L. Rptr. 522, 524 (March 19, 1993, Celotto, J.).
The Berkmans' counterclaim arises out of factors outside of the note or mortgage. Furthermore, the failure to negotiate occurred after a default had occurred and thus, it attacks an act of the mortgagor and not the note itself. Therefore, the plaintiff's motion to strike the Berkmans' counterclaim is granted.
The plaintiff also argues that the Berkmans' special defenses are insufficient because the Berkmans do not allege how they would bar the plaintiff's claims.
The court, however, may grant "relief to a mortgagor who can prove equitable circumstances require withholding a foreclosure or a reduction in the stated indebtedness." (Internal quotation marks omitted.) Shawmut Bank v. Carriage Hill Estates, Inc., supra; see also Chase Manhattan Bank v. Indian River Green,8 Conn. L. Rptr. 165. Therefore, equitable defenses may operate as a bar to a foreclosure. In this case, however, the defendants have not alleged facts which support special defenses and counterclaims which address the making, validity or enforcement of the note or mortgage. Accordingly, CT Page 1584 the plaintiff's motion to strike the Berkman's special defenses and counterclaim is granted.
D'ANDREA, J.