[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#133)
On March 4, 1993, the plaintiff, Gateway Bank, ("Gateway"), filed a complaint against the defendants, Frank F. Ogalin and Verna T. Ogalin, seeking, among other things, strict foreclosure upon a mortgage executed by the Ogalins, on a parcel of land known as 1451 North Peters Lane, Stratford, Connecticut, (the property).[1] On November 3, 1993, Gateway filed a request for leave to amend its complaint and an amendment to its complaint. Also on November 3, 1993, Gateway filed a motion to substitute Berkeley Federal Bank Trust, FSB, ("Berkeley"), as the plaintiff in this action because Gateway had assigned to Berkeley its interest in the note and mortgage underlying this action. Berkeley filed revisions to the complaint on January 7, 1994, and January 24, 1994.
The Ogalins filed an answer and special defenses on February 23, 1994, and filed revised special defenses on September 19, 1994 and again on February 23, 1995.
On July 18, 1994 Berkeley filed a motion for permission to file a motion for summary judgment along with a motion for summary judgment of strict foreclosure and memorandum of law in support thereof. In support of its motion, Berkeley has provided the court, on various dates, with supporting documents including a copy of the mortgage at issue, copies of correspondence from Gateway to the Ogalins, an affidavit of debt, signed by David J. Dean, Vice President of Berkeley and an affidavit of attorneys' fees signed by Berkeley' s attorney Gregory J. Williams.
The Ogalins filed a memorandum in opposition to the motion for summary judgment on August 7, 1994, and an affidavit of Frank F. Ogalin in support thereof on August 25, 1995.
Berkeley filed a reply to the defendant's memorandum in opposition to Berkeley's motion on August 7, 1995.
Pursuant to Practice Book § 384, summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Suarez v. Dickmont Plastics Corp. , 229 Conn. 99, CT Page 12554-J 103, 639 A.2d 507 (1994). "[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Connell v. Colwell,214 Conn. 242, 246, 571 A.2d 116 (1990). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Scrapchansky v.Plainfield, 226 Conn. 446, 450, 627 A.2d 1329 (1993).
In its memorandum of law in support of its motion for summary judgment, Berkeley argues that neither of the special defenses alleged by the Ogalins is valid and that therefore, Berkeley is entitled to summary judgment. The Ogalins alleged in their first special defense that Berkeley failed to provide adequate notice of the default and acceleration of the note and mortgage as provided for in the mortgage agreement.[2] Berkeley claims that this defense is not a legally sufficient special defense to a mortgage foreclosure action because: (1) it does not attack the making, validity, or enforcement of the mortgage; (2) it does not show that Berkeley has no cause of action; and (3) it is not a recognized equitable defense. The Ogalin's allege in their second special defense that Berkeley is estopped from foreclosing upon the property by an oral agreement between the Ogalins and Bank Mart, the predecessor in interest to the subject note and mortgage, to the effect that the Ogalins would be granted additional time in which to pay the arrearage due under the note. As to this defense, Berkeley claims that the alleged agreement is unenforceable due to: (1) lack of consideration; (2) failure to comply with the statute of frauds; and (3) lack of specificity.
With respect to their first special defense, the Ogalins argue in opposition to Berkeley's motion that the failure to provide proper notice where required by the provisions of the mortgage is a legally sufficient special defense. Hence, the Ogalins contend that Berkeley's motion for summary judgment should be denied.[3]
There is a split of authority at the Connecticut Superior Court level with respect to the legal sufficiency of a special defense alleging failure to provide notice of default and/or acceleration in accordance with the provisions of a mortgage agreement. While some courts have held that, in a foreclosure action, a special defense of lack of proper notice of default is valid; see, e.g., First Connecticut Capital Corp. v. F.S.Restaurant Assoc., Inc., 1 Conn. Ops. 812 (June 26, 1995, Tobin, CT Page 12554-K J.) Great Western Bank v. McNulty, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 139799 (March 16, 1995, D'Andrea, J.); Connecticut Galaxy Properties v.Baillargeon, Superior Court, Judicial District of Litchfield, Docket No. 063322 (July 11, 1994, Pickett, J.); First Federal Bankof Connecticut v. Zavatsky, 9 CSCR 420, (March 15, 1994, Moraghan, J.); Fortune Savings Bank v. Thibodeau, 7 Conn. L. Rptr. 611
(November 18, 1992, Vertifeuille, J.); see also, D. Carron, Connecticut Foreclosure, § 105A, p. 5 (1993 Cumulative Sup. ) ("failure to provide the required notice [of a default] can give rise to a viable defense to a foreclosure. . . ."); other courts have held the same defense legally insufficient. See, e.g.Coolidge CT Limited v. 1200 Main Street Association, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 265384 (February 17, 1995, Hauser, J.); Bank of New Haven v. Liner, Superior Court, Judicial District of Ansonia/Milford at Milford, Docket No. 034516 (April 2, 1993, Curran, S.T.R.); F.D.I.C. v.Briarwood, 8 CSCR 1082 (September 3, 1993, (September 3, 1995, Lager, J.). This court has previously held, and today affirms, that "[t]he failure to give proper notice of default, when notice is required, bars the entry of a judgment of foreclosure." FirstConnecticut Capital Corp. v. F.W. Restaurant Association, supra.
On August 30, 1995, plaintiff filed a Supplemental Affidavit In Support of Summary Judgment, attaching an August 9, 1995 Supplement Affidavit signed by David J. Dean, Vice President, Berkeley Federal Bank Trust, FSB. The Affidavit refers to a Notice of Default, dated July 6, 1992 and Notice of Foreclosure, dated October 8, 1992. Plaintiff claims that both Notices were mailed to defendants.
Because, Frank F. Ogalin states in his affidavit "[n]either Mrs. Ogalin nor myself ever received from Gateway any notice containing the information required by Paragraph 19 of the Mortgage Deed," a genuine issue of material fact exists as to whether such notice was ever provided to the Ogalins. Accordingly, Berkeley's motion for summary judgment of strict foreclosure is denied. The court need not address Berkeley's arguments relating to the Ogalin's second special defense.
RICHARD J. TOBIN, JUDGE