[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE SPECIAL DEFENSES ANDCOUNTERCLAIM (NO. 117)
On July 25, 1996, the plaintiff, Federal National Mortgage Association, filed a motion to strike the three special defenses and three count counterclaim of the defendants, Della M., Roosevelt and Donald Graham. In their defenses to the plaintiff's foreclosure complaint, the defendants allege rescission pursuant to the Truth-In-Lending statutes, that the plaintiff has collected late charges as a percentage of the monthly payment, and estoppel based upon waiver. In their counterclaim the defendants allege that because the plaintiff has violated the Truth-In-Lending statutes they are entitled to rescission, penalties and fees. The defendants further allege that the plaintiff's collection of late charges is a violation of CUTPA.
In regard to the first special defense and counts one and two of the counterclaim, the defendants allege in paragraph 2 of count one of their counterclaim that pursuant to12 C.F.R. § 226.23 (f)(1) (Regulation Z) the rescission provision does not CT Page 5934 apply to a residential mortgage transaction, which is at issue in this action. Therefore, the first special defense and counts one and two of the counterclaim are legally insufficient pursuant to12 C.F.R. § 226.23 (f)(1).
The defendants allege in their second special defense that the late charges they have paid since the inception of the mortgage should be returned, however, paragraph 8(A) provides for the payment of such late charges for overdue payments. Moreover, such a special defense is legally insufficient as it does not address the making, validity or enforcement of the note. See Berkeley Federal Bank Trust v. Phillips, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 317957 (January 23, 1996, West, J.). Furthermore, a lender may collect late charges for payments not paid by the due date prior to acceleration of the note Shadhali, Inc. v. Hintlian, 41 Conn. App. 225,229-30, 675 A.2d 3 (1996) Therefore, count three of the defendants' counterclaim in CUTPA based upon the collection of such late charges is also legally insufficient.
In their third special defense the defendants allege that the plaintiff is estopped from foreclosure because of waiver. Defendants contend that plaintiff's acceptance of late payments in the past constitutes waiver. However, paragraph 8(D) of the adjustable rate note executed by the defendants provides that such acceptance of late payments does not constitute waiver. Consequently, any inference of waiver which arises by the acceptance of late payments is negated Christensen v. Cutaia,211 Conn. 613, 619-20, 560 A.2d 456 (1989).
In accordance with the foregoing, the plaintiff's motion to strike the defendants' special defenses and counterclaims is granted.
WEST, J.