[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO STRIKE
This is a foreclosure action seeking strict foreclosure. The complaint alleges that the plaintiff's predecessor in interest loaned the defendants money and secured the loan with a mortgage on certain premises in New Haven. The complaint alleges that because of nonpayment of installments of principal and interest due on December 1, 1995 and every month thereafter, the note and mortgage are in default and the plaintiff has exercised its option to declare the entire balance due and payable.
The defendants have asserted three special defenses: (1) that the amount they claim was due for December, 1995, was tendered CT Page 12459 and returned, and the defendants have set aside or have access to sufficient funds to pay the amount they claim is due; (2) that the defendants paid, for a period of time, more than should have been due, and the payments were improperly applied or credited during that period; and (3) that the plaintiff has failed to maintain the escrow fund properly.
The defendant has also asserted a counterclaim consisting of four counts: (1) that the plaintiff has failed to account for changes in the demanded payments or to explain the tax escrow account; (2) the plaintiff has been unjustly enriched by retention of alleged overpayments; (3) the plaintiff has converted the overpayments; and (4) the plaintiff has violated the Connecticut Unfair Trade Practices Act ("CUTPA"), §§42-110a et seq. of the General Statutes by the alleged failure of the plaintiff to apply payments properly.
The plaintiff has moved to strike the defenses and every count of the counterclaim. In general, the plaintiff has cited authority for the propositions that the only proper defenses and counterclaims in the context of a foreclosure action are those that attack the making, validity or enforcement of the note, and that subsequent actions of the mortgagee, if actionable, should be brought in a separate action. See, e.g., People's Bank v.Perkins, 1994 Ct. Sup. 11180, No. 310482 (J.D. of Fairfield) (November 3, 1994); National Mortgage Co. v. McMahon, 9 CSCR 300,1994 Ct. Sup. 1674 No. 0349246 (J.D. of New Haven) (February 18, 1994).
The first special defense alleges that payment in the amount the defendants thought appropriate was made for the December, 1995, payment, but that it was returned; it further alleges that the defendants have set aside or have access to pay the debt in the amount they think is correct. Whether the defendants have the wherewithal to pay the debt is, of course, immaterial to the "making, validity or enforcement of the note." See, e.g., FederalNational Mortgage Ass'n. v. Graham, 1996 Ct. Sup. 5933, No. CV 95 032 83 45 (J.D. of Fairfield) (August 22, 1996). Although payment of the debt is of course a defense, the defense does not appear to allege payment, but rather that there was a dispute as to the correct amount of the payment. The determination of the correct amount due presumably may be decided without a special defense.
As the test on the issue raised by a motion to strike is whether any claim for relief is stated by the pleading, and any CT Page 12460 ambiguity is to be resolved in favor of the pleading sought to be stricken, I do find it possible to construe the special defense to allege that the defendants tendered what they thought was the appropriate amount for December, 1995, and that that amount was returned. Subsequent to the return of the amount, the defendants may have thought it futile to continue tendering such amounts, and the law, as a general proposition, does not require the doing of futile deeds. As this is a defense which conceivably alleges payment, and as equity requires some latitute, the first special defense is not stricken.[1]
The second and third special defenses allege that the plaintiff failed properly to credit payment and that it improperly administered the tax escrow fund. These are matters that arose, if at all, well after the making of the note, and the weight of authority suggests that an alleged failure to administer the account properly is not a defense which can avoid liability if the complaint is proved. See Graham, supra;Northeast Savings F.A. v. Dunst, 7 CSCR 527, 1992 Ct. Sup. 3543
(J.D. of Stamford/Norwalk at Stamford) (April 15, 1992). The motion to strike the second and third special defenses is granted.
The counterclaims allege improper administration of the escrow account and the acceptance of alleged overpayments, to the enrichment of the plaintiff and the detriment of the defendants, and further allege that the malfeasance constitutes CUTPA violations.[2] Although, if true, it may well be that some or all of the conduct is actionable in another action, it is not proper to join claims other than those arising from the making, validity or enforcement of the note. See, e.g., Provident FinancialService v. Berkman, 1995 Ct. Sup. 1579, No. CV93 0135310 S (J.D. of Stamford/Norwalk at Stamford) (February 17, 1995). The counterclaims are ordered stricken.
Beach, J.